JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

FEB 23 1978

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE ELI LILLY AND COMPANY (CEPHALEXIN  )   DOCKET NO. 326
MONOHYDRATE) PATENT LITIGATION           )

2/28/78

OPINION AND ORDER
_____

BEFORE JOHN MINOR WISDOM*, CHAIRMAN, AND EDWARD WEINFELD*,
EDWIN A. ROBSON*, JOSEPH S. LORD, III, STANLEY A. WEIGEL,
ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL
_____

PER CURIAM

   This litigation consists of three actions, each of which is pending in one of three districts: the Southern District of Florida, the District of New Jersey, or the Southern District of New York.

   Zenith Laboratories, Inc. (Zenith) distributes an oral antibiotic known as cephalexin monohydrate. Zenith's complaint in the New Jersey action seeks a declaratory judgment against Eli Lilly and Co. (Lilly) to the effect that two Lilly patents on pharmaceutical substances are invalid and unenforceable and that Zenith's antibiotic does not infringe upon them. Lilly has counterclaimed in the New Jersey action, charging Zenith with infringement upon Lilly's two patents and with unfair competition,

_____

* Judges Wisdom, Weinfeld and Robson took no part in
the consideration of this matter.

basically because Zenith uses a color scheme on its antibiotic capsule similar to that employed by Lilly on its comparable product.

The New York and Florida actions are each brought by Lilly against a different Zenith customer that resells Zenith's antibiotic to the pharmaceutical trade. Lilly charges the defendants in the New York and Florida actions with the same type of patent infringement and unfair competition raised in Lilly's counterclaim in the New Jersey action.

Zenith moves the Panel for an order pursuant to 28 U.S.C. §1407 transferring the New York and Florida actions to the District of New Jersey for coordinated or consolidated pretrial proceedings with the action pending there. Defendants in the Florida and New York actions have joined in Zenith's motion. Lilly has responded that it does not believe the issues involved in the three actions are sufficiently complex to warrant transfer, but Lilly nevertheless states that it has no objection to transfer should the Panel conclude that transfer under Section 1407 is appropriate.[1]

We conclude that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation and, accordingly, we deny the motion to transfer.

---

[1] All parties waived oral argument and, therefore, this matter was submitted for decision on the basis of the papers filed. See Rule 14, R.P.J.P.M.L., 65 F.R.D. 253, 264 (1975).

Zenith argues that all three actions involve the questions whether Lilly's two patents are valid and enforceable and whether Zenith's antibiotic infringes upon those patents. Section 1407 transfer, Zenith argues, would thus prevent duplicative discovery. Additionally, Zenith notes that Lilly has already moved for preliminary injunctive relief in the New Jersey action, and Zenith suggests that Lilly may seek similar relief in the New York and Florida actions. Accordingly, Zenith argues, transfer would allow all such motions to be considered by a single judge and would eliminate the possibility of inconsistent pretrial rulings.

We find these arguments unpersuasive. Only three actions are involved here. Although we recognize the existence of common questions of fact among these few actions, movants have not met their burden of convincing us that those common factual questions are sufficiently complex or that the accompanying discovery will be so time consuming as to justify transfer under Section 1407. See In re Scotch Whiskey, 299 F. Supp. 543, 544 (J.P.M.L. 1969). Furthermore, we note that under the collateral estoppel principles of Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971), a holding in one action that the two Lilly patents are invalid would likely prove dispositive of that

issue in the other two actions.  See also In re Illinois Tool, Inc. v. Foster Grant Co., Inc., 547 F.2d 1300, 1302-03 (7th Cir. 1976).

We observe that suitable alternatives to Section 1407 transfer are available in order to minimize the possibility of duplicative discovery.  For example, notices for a particular deposition could be filed in all actions, thereby making the deposition applicable in each action; the parties could seek to agree upon a stipulation that any discovery relevant to more than one action may be used in all those actions; and any party could seek orders from the three courts directing the parties to coordinate their pretrial efforts.  See In re Commercial Lighting Products, Inc. Contract Litigation, 415 F. Supp. 392, 393 (J.P.M.L. 1976).  See also Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977).  Moreover, the parties may seek stays of two of the actions pending the outcome of the third.

Additionally, consultation and cooperation among the three concerned district courts, if deemed appropriate by those courts, coupled with the cooperation of the parties, would be sufficient to minimize the possibility of conflicting pretrial rulings.  See In re Texas Instruments, Inc. Employment Practices Litigation, ___ F. Supp. ___, ___ (J.P.M.L., filed December 5, 1977) (slip opinion at 4-5).

IT IS THEREFORE ORDERED that the motion to transfer the actions listed on the following Schedule A be, and the same hereby is, DENIED.

MDL-326 -- <u>IN RE ELI LILLY AND CO. (CEPHALEXIN MONOHYDRATE) PATENT LITIGATION</u>

<u>SCHEDULE A</u>

<u>DISTRICT OF NEW JERSEY</u>

Zenith Laboratories, Inc. v. Eli Lilly and Co.   Civil Action No. 77-1804

<u>SOUTHERN DISTRICT OF NEW YORK</u>

Eli Lilly and Co. v. H. L. Moore Drug Exchange, a Division of/and Levitt Industries, Inc.   Civil Action No. 77-Civ-5005

<u>SOUTHERN DISTRICT OF FLORIDA</u>

Eli Lilly and Co. v. Generix Drug Corp.   Civil Action No. 77-4749-Civ-NCR

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE ELI LILLY AND COMPANY (CEPHALEXIN MONOHYDRATE) PATENT LITIGATION

DOCKET NO. 326

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM*, CHAIRMAN, AND EDWARD WEINFELD*, EDWIN A. ROBSON*, JOSEPH S. LORD, III, STANLEY A. WEIGEL, ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL

PER CURIAM

This litigation consists of three actions, each of which is pending in one of three districts: the Southern District of Florida, the District of New Jersey, or the Southern District of New York.

Zenith Laboratories, Inc. (Zenith) distributes an oral antibiotic known as cephalexin monohydrate. Zenith's complaint in the New Jersey action seeks a declaratory judgment against Eli Lilly and Co. (Lilly) to the effect that two Lilly patents on pharmaceutical substances are invalid and unenforceable and that Zenith's antibiotic does not infringe upon them. Lilly has counterclaimed in the New Jersey action, charging Zenith with infringement upon Lilly's two patents and with unfair competition,

---

* Judges Wisdom, Weinfeld and Robson took no part in the consideration of this matter.

basically because Zenith uses a color scheme on its antibiotic capsule similar to that employed by Lilly on its comparable product.

The New York and Florida actions are each brought by Lilly against a different Zenith customer that resells Zenith's antibiotic to the pharmaceutical trade. Lilly charges the defendants in the New York and Florida actions with the same type of patent infringement and unfair competition raised in Lilly's counterclaim in the New Jersey action.

Zenith moves the Panel for an order pursuant to 28 U.S.C. §1407 transferring the New York and Florida actions to the District of New Jersey for coordinated or consolidated pretrial proceedings with the action pending there. Defendants in the Florida and New York actions have joined in Zenith's motion. Lilly has responded that it does not believe the issues involved in the three actions are sufficiently complex to warrant transfer, but Lilly nevertheless states that it has no objection to transfer should the Panel conclude that transfer under Section 1407 is appropriate.[1]

We conclude that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation and, accordingly, we deny the motion to transfer.

---

[1] All parties waived oral argument and, therefore, this matter was submitted for decision on the basis of the papers filed. See Rule 14, R.P.J.P.M.L., 65 F.R.D. 253, 264 (1975).

Zenith argues that all three actions involve the questions whether Lilly's two patents are valid and enforceable and whether Zenith's antibiotic infringes upon those patents. Section 1407 transfer, Zenith argues, would thus prevent duplicative discovery. Additionally, Zenith notes that Lilly has already moved for preliminary injunctive relief in the New Jersey action, and Zenith suggests that Lilly may seek similar relief in the New York and Florida actions. Accordingly, Zenith argues, transfer would allow all such motions to be considered by a single judge and would eliminate the possibility of inconsistent pretrial rulings.

We find these arguments unpersuasive. Only three actions are involved here. Although we recognize the existence of common questions of fact among these few actions, movants have not met their burden of convincing us that those common factual questions are sufficiently complex or that the accompanying discovery will be so time consuming as to justify transfer under Section 1407. See In re Scotch Whiskey, 299 F. Supp. 543, 544 (J.P.M.L. 1969). Furthermore, we note that under the collateral estoppel principles of Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971), a holding in one action that the two Lilly patents are invalid would likely prove dispositive of that

issue in the other two actions.  See also In re Illinois Tool, Inc. v. Foster Grant Co., Inc., 547 F.2d 1300, 1302-03 (7th Cir. 1976).

We observe that suitable alternatives to Section 1407 transfer are available in order to minimize the possibility of duplicative discovery.  For example, notices for a particular deposition could be filed in all actions, thereby making the deposition applicable in each action; the parties could seek to agree upon a stipulation that any discovery relevant to more than one action may be used in all those actions; and any party could seek orders from the three courts directing the parties to coordinate their pretrial efforts.  See In re Commercial Lighting Products, Inc. Contract Litigation, 415 F. Supp. 392, 393 (J.P.M.L. 1976).  See also Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977).  Moreover, the parties may seek stays of two of the actions pending the outcome of the third.

Additionally, consultation and cooperation among the three concerned district courts, if deemed appropriate by those courts, coupled with the cooperation of the parties, would be sufficient to minimize the possibility of conflicting pretrial rulings.  See In re Texas Instruments, Inc. Employment Practices Litigation, ___ F. Supp. ___, ___ (J.P.M.L., filed December 5, 1977) (slip opinion at 4-5).

IT IS THEREFORE ORDERED that the motion to transfer the actions listed on the following Schedule A be, and the same hereby is, DENIED.

MDL-326 -- IN RE ELI LILLY AND CO. (CEPHALEXIN MONOHYDRATE) PATENT LITIGATION

## SCHEDULE A

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Zenith Laboratories, Inc. v. Eli Lilly and Co. | Civil Action No. 77-1804 |

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eli Lilly and Co. v. H. L. Moore Drug Exchange, a Division of/and Levitt Industries, Inc. | Civil Action No. 77-Civ-5005 |

### SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Eli Lilly and Co. v. Generix Drug Corp. | Civil Action No. 77-4749-Civ-NCR |